IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

*United States of America v. Samson Costigan*
Case No. 3:23-cr-00069-TMB-KFR

By:     THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS:     ORDER FROM CHAMBERS

The matter comes before the Court on the Magistrate Judge's Final Report and Recommendation ("Final R&R")[1] recommending the Court deny Defendant Samson Costigan's Motion and Memorandum to Dismiss, Pursuant to *New York Rifle and Pistol Association v. Bruen* (the "Motion").[2] Costigan objects to the Final R&R "in its entirety" and lodges one specific objection.[3] Pursuant to statute, the Court has conducted a *de novo* review of the record and applicable law.[4] Based on that review, the Court **ACCEPTS and ADOPTS** the Final R&R at Docket 29 for the reasons discussed below. Accordingly, the Motion at Docket 24 is **DENIED**.

On August 17, 2023, Costigan was indicted by grand jury on one count of Felon in Possession of Firearms and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).[5] The Indictment alleges that on or about June 5, 2023, Costigan possessed three firearms and two types of ammunition, knowing that he had a 2022 state conviction for manslaughter, "a crime punishable by imprisonment for a term exceeding one year."[6] Costigan was therefore barred from possessing firearms pursuant to § 922(g)(1), which prohibits individuals "who ha[ve] been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year" from possessing a firearm or ammunition.

On December 4, 2023, Costigan moved to dismiss the Indictment, arguing that § 922(g)(1) is "unconstitutional both facially and as applied" pursuant to the Second Amendment of the United States Constitution, as construed by the United States Supreme Court in 2022 in *New York State*

---

[1] Dkt. 29 (Final Report and Recommendation).
[2] Dkt. 24 (Motion to Dismiss).
[3] Dkt. 30 (Objection) at 1–2.
[4] 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with a copy [of the magistrate judge's proposed findings and recommendations], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.").
[5] Dkt. 2 (Indictment).
[6] *Id.* at 1–2; *see* 18 U.S.C. § 922(g)(1).

*Rifle & Pistol Association, Inc. v. Bruen*.[7] In the Motion, Costigan argued that pre-*Bruen* Ninth Circuit precedent is "no longer good law" and does not control § 922(g)(1)'s constitutionality.[8] Therefore, he argued, Ninth Circuit precedent consistently upholding the validity of that statute no longer supports the Indictment. In particular, he argued that *Bruen* overruled the Ninth Circuit's 2010 opinion in *United States v. Vongxay*[9] because it "relied on a line of cases upholding felon disarmament laws under means-end scrutiny" and is thus "incompatible with *Bruen*."[10] As *Bruen* articulated a different test for the Second Amendment constitutionality of firearm regulations, Costigan argued, "*Bruen* has abolished any reliance" on cases like *Vongxay* that employ means-end scrutiny.[11]

The Government opposed the Motion, noting that "courts across the country have addressed similar challenges" and "have issued over 150 decisions declining to overturn § 922(g)(1) pursuant to the framework articulated in *Bruen*."[12]

In the Final R&R, the Magistrate Judge recommended denying the Motion "[b]ecause the Court is bound by Ninth Circuit precedent holding that the statute under which [Costigan] has been charged is constitutional."[13] In particular, the Final R&R provided in-depth analysis of the relationship between *Vongxay* and *Bruen* and the parties' arguments on that point.[14] It "disagree[d] with [Costigan] that *Vongxay* . . . [is] incompatible with *Bruen*," and "instead join[ed] the large number of district courts within the Ninth Circuit, including in the District of Alaska, in determining that *Bruen* did not overturn *Vongxay*'s holding that § 922(g)(1) does not violate the Second Amendment."[15] First, it concluded that Costigan "has not shown that *Vongxay*'s recognition of § 922(g)(1)'s constitutionality is clearly irreconcilable with *Bruen*."[16] Next, it found that even if "*Vongxay* does not follow the precise analysis articulated in *Bruen*, this inconsistency does not demonstrate that the two cases are clearly irreconcilable."[17] Therefore, it reasoned, "the Court remains bound by *Vongxay* because it is possible to apply that case's reasoning consistently with *Bruen*" and "*Vongxay* commands a ruling that § 922(g)(1) is constitutional."[18]

Costigan objects to the Final R&R "in its entirety" due to one specific objection: that the Final R&R errs in concluding that *Vongxay* is still good law because the United States Supreme Court "overturned the circuit cases like *Vongxay*" and "explicitly rejected" their "mode of analysis" in

---

[7] Dkt. 24 at 1–33 (citing *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022)).
[8] *Id.* at 9.
[9] 594 F.3d 1111 (9th Cir. 2010).
[10] *Id.* at 8–9.
[11] *Id.* at
[12] Dkt. 25 at 1–2.
[13] Dkt. 29 at 1.
[14] *Id.* at 3–8.
[15] *Id.* at 4, 6.
[16] *Id.* at 4.
[17] *Id.* at 6.
[18] *Id.* at 8.

*Bruen*.[19] Costigan argues that the Final R&R incorrectly characterizes the relationship between *Vongxay* and *Bruen* as one of "limited tension," reiterating his position that "the holding of *Vongxay* is plainly irreconcilable with the demanding historical standard required under *Bruen*."[20]

The Government replies that the Final R&R correctly applied *Vongxay* because "neither the Ninth Circuit sitting *en banc* [n]or the Supreme Court have overruled [*Vongxay*]."[21] Moreover, the Government reminds the Court that Costigan "does not raise any argument or authority that has not already been addressed by the parties," as Costigan's objection regarding *Vongxay* reiterates arguments already made and responded to by the Magistrate Judge.[22]

The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1), which provides that a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" and shall review objections *de novo*.[23] For topics on which no objections are filed, "[n]either the Constitution nor [28 U.S.C. § 636(b)(1)] requires a district judge to review, *de novo*, findings and recommendations that the parties themselves accept as correct."[24]

Having reviewed *de novo* the parties' initial and supplemental briefing, the Final R&R, Costigan's objection, and considerable Second Amendment case law before and since *Bruen*, the Court concludes that Costigan's objection lacks merit. The Court agrees with and adopts the analysis thoroughly laid out in the Final R&R and observes that Costigan's objection provides no new arguments or additional support for his position.

Accordingly, the Court **ACCEPTS AND ADOPTS** the Final R&R at Docket 29 and **DENIES** the Motion at Docket 24.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: February 14, 2024.

---

[19] Dkt. 30 at 1.
[20] *Id.* at 1–2.
[21] Dkt. 31 (Reply) at 1.
[22] *Id.* at 1–2.
[23] 28 U.S.C. § 636(b)(1).
[24] *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); *United States v. Ramos*, 65 F.4th 427, 434 (9th Cir. 2023) (articulating that "the district court ha[s] no obligation to provide individualized analysis of each objection.").